United States District Court
Southern District of Texas
**ENTERED**
October 25, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Scott Martin | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23−cv−03228 |
| | § | |
| Marilyn Burgess, et al. | § | |
|    Defendant. | § | |

**ORDER FOR CONFERENCE AND
DISCLOSURE OF INTERESTED PARTIES**

1. Counsel and all parties appearing <u>pro se</u> shall appear for an initial pretrial and scheduling conference before

   **Magistrate Judge Andrew M Edison
   <u>January 3, 2024, at 09:00 AM</u>**
   by video
   United States Courthouse

2. Within fifteen days from receipt of this order, counsel shall file with the clerk a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. Underline the name of each corporation whose securities are publicly traded. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

3. NOTICE TO PARTIES ASSERTING FEDERAL JURISDICTION IN DIVERSITY CASES: Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. Complete diversity requires that all persons on one side of the controversy be citizens of different states from all persons on the other side. The party asserting federal jurisdiction in a diversity action has the burden to demonstrate that there is complete diversity. The citizenship of limited liability entities is determined by the citizenship of their members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability entity and identifying its citizenship status. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009). If the Complaint or Notice of Removal filed in this action does not show the citizenship of all limited liability entities, the plaintiff (if initiating the action in federal court) or the

   defendant (if removing the action from state court) is ORDERED to file an amended complaint or notice of removal, respectively, within twenty days from the entry of this order. The failure to allege facts establishing complete diversity of citizenship may result in dismissal or remand of this action by the court on its own initiative without further notice.

4. Fed. R. Civ. P. 4(m) requires defendant(s) to be served within 90 days after the filing of the complaint. The failure of plaintiff(s) to file proof of service within 90 days after the filing of the complaint may result in dismissal of this action by the court on its own initiative.

5. After the parties confer as required by Fed. R. Civ. P. 26(f), counsel and all parties appearing pro se shall prepare and file, not less than 10 days before the scheduling conference, a joint discovery/case management plan containing the information required on the attached form.

6. The court will enter a scheduling order and may rule on any pending motions at the scheduling conference.

7. Counsel and all parties appearing pro se who file or remove an action must serve a copy of this order with the summons and complaint or the notice of removal.

8. Unless proceeding pro se, each party must be represented by an attorney who has knowledge of the facts and authority to bind the party at the scheduling conference.

9. Prior to the scheduling conference, counsel and all parties appearing pro se shall discuss with their clients and each other whether alternative dispute resolution is appropriate and at the conference advise the court of the results of their discussions.

10. A person proceeding pro se is bound by the requirements imposed upon counsel in this Order.

11. Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs.

**Court's Procedures:** Information on the court's practices and procedures and how to reach court personnel may be obtained at the Clerk's website at www.txs.uscourts.gov or from the intake desk of the Clerk's office.

                                                                **By Order of the Court**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

_____, §
§
Plaintiff(s), §
§
v. § Civil Action No. _____
§
_____, §
§
Defendant(s). §

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

(Please restate the instruction before furnishing the information.)

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party. NOTE: the Rule 26(f) meeting must be held in person, by phone, or by video. Email meetings are not permitted.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.

3. <u>Briefly</u> describe what this case is about.

4. Identify any issues as to service of process, personal jurisdiction, or venue.

5. Federal jurisdiction.

    a. Specify the allegation of federal jurisdiction.

    b. Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations, and state their reasons.

    c. If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship.*See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 fn.1 (5th Cir. 2020).

6. List anticipated additional parties that should be included, and by whom they are wanted.

7. List anticipated interventions.

8. Describe class-action or collective-action issues.

9. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

10. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

11. Describe the proposed discovery plan, including:

    a. Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.

    b. Any threshold issues–such as limitations, jurisdiction, or immunity–that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

12. Experts

    a. Are experts needed on issues other than attorneys' fees?

    b. If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.

    c. The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).

    d. The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B).

13. State the date discovery can reasonably be completed.

14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

15. Specify the discovery beyond initial disclosures that has been undertaken to date.

16. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

17. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.

18. With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Judge Edison.

19. State whether a jury demand has been made and if it was made on time.

20. Specify the number of hours it will likely take to present the evidence.

21. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

22. List other pending motions.

23. List issues or matters, including discovery, that should be addressed at the conference.

24. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.

_____         _____

Counsel for Plaintiff(s)                                                                Date


_____         _____

Counsel for Defendant(s)                                                              Date