UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT MARTIN, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No.: 4:23-cv-3228 | |
| § | | |
| MARILYN BURGESS, *et al.* § | | |
| Defendants. § | | |

## MARILYN BURGESS, SHANNON BALDWIN, AND GENESIS DRAPER'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

Defendants Harris County Clerk Marilyn Burgess, individually and officially; Judge Shannon Baldwin, individually and officially, and Judge Genesis Draper, individually and officially, file this combined motion, asking the court to dismiss this case for myriad reasons.[1]

### I. BACKGROUND

1. The court requested this motion to dismiss briefing after the filing of letters by the parties, per the court's local rules. Also pending before this court is Plaintiff's request for a temporary and permanent injunction.

### II. STATEMENT OF ISSUES

**Issue No. 1:** Did the criminal county court at law decision to limit *some access* to defendants' personal identifying information on its misdemeanor bond data base amount to an *ultra vires* act, and thus violate Mr. Martin's First Amendment right.

---

[1] Defendants incorporate the brief in the injunction here for all purposes. DE 20.

## III. SUMMARY OF ARGUMENT

2. The county court did not violate Mr. Martin's First Amendment rights and did not act *ultra vires*. The court order only prevents Mr. Martin from getting access to defendants' phone numbers, and allows for exceptions upon showing of good cause. He still has access to their addresses from this and other public sources. See DE 20. The court order, despite Judge Kenneth Hoyt's order from nearly 30 years ago, which did not foresee cell phones, texts, and access to cell phones, is narrowly tailored, provides for exceptions upon good cause and is clearly within its administrative power to curtail access to its county court data base containing personal identifiers.

3. Because it is reasonable that the court acted within its administrative powers, and because the order is narrowly tailored, all of the judges' and the clerks' immunities trump the First Amendment concerns; this is not an *ultra vires* action.

4. This case should be dismissed and the injunction denied.

## IV. FACTUAL ALLEGATIONS AND ANALYSIS

5. Mr. Martin alleges his "solicitation of criminal defendants" business has been hurt by a June criminal court administration decision redacting some personal information in general order bonds for misdemeanor cases. See Order, DE 9-4. That decision was based on threat of an arrest and lawsuit(s) by a Houston criminal defense lawyer, Mark Bennett. See DE Exhibits 9-1, 9-2, 9-3. Plaintiff mocks these threats in his latest filing, but he was not on the receiving end of them. DE 21, p. 2.

6. On June 27, 2023, Judge Genesis Draper, signed an administrative order limiting access to some defendant's personal information. See DE 9-4. Judge Draper acted under

Texas Gov't Code Section 75.403, which designates the presiding judge of the county courts at law as the chief administrator of court-related ministerial services in misdemeanor cases. These defendants assert that the maintenance and access to the misdemeanor bond data base is well within their administrative duties under the code.

7. While Plaintiff relies on Judge Hoyt's order from 30 years ago based on similar facts, Mr. Martin has not cited any current state statute, rule or ordinance allowing him unfettered access to all private identifying information, particularly phone numbers; rather he argues his civil rights are violated because his business of soliciting criminal defendants has been curtailed.

8. Not denied, but curtailed.

9. The question for this court is whether, today, Mr. Martin should have access to a court data base when he is not an attorney, when he could get some of this information from other public sources and when his business has only been curtailed. And, while he mocks Mr. Bennett's threats of arrest and lawsuits, the fact is that private information, more and more, is protected for myriad reasons – mostly because it can be abused. Does Mr. Martin's First Amendment right mean he gets unfettered access to address, phone numbers and email addresses of misdemeanor defendants when he is not an attorney, does not represent these defendants and in the face of the many immunities designed to protect judges and county clerks from lawsuits. He should not.

10. Mr. Martin also asserts that he provides an important service. DE 21, p. 3-4. This is puffery, and solely his opinion, not being on the end of an unsolicited and unwanted

letter, phone call, text or email. Mr. Bennett's threats seem to have put the lie to this assertion.

11. Next, granting an *ultra vires* action is rare. "In certain narrow instances, a suit against a state official can proceed even in the absence of a waiver of immunity if the official's actions are ultra vires." *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017). While governmental immunity provides broad protection to the state and its officers, it does not bar a suit against a government officer for acting outside his legal authority in carrying out his duties—i.e., an ultra vires suit. *See Houston Belt. & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 161 (Tex. 2016). Properly pleaded ultra vires suits do not implicate immunity because they do not attempt to exert control over the state but, instead, attempt to reassert the control of the state over its official. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).

12. To fall within the *ultra vires* exception, the plaintiff must allege and ultimately prove that a government official acted without legal authority or failed to perform a purely ministerial act. *Honors Acad., Inc. v. Texas Educ. Agency*, 555 S.W.3d 54, 68 (Tex. 2018). A government official acts "without legal authority" when he exceeds the bounds of his granted authority or if his acts conflict with the law itself. *Houston Belt*, 487 S.W.3d at 158. "*Ultra vires* claims depend on the scope of the state official's authority," not the quality of the official's decision. *Honors Acad.*, 555 S.W.3d at 68 (quoting *Hall*, 508 S.W.3d at 234). And while an act within the official's discretion is protected by immunity even if it is erroneous, *Hall*, 508 S.W.3d at 242−43, officials generally have no discretion or authority to misinterpret the law, *Houston Belt*, 487 S.W.3d at 163.

13. However, if a plaintiff alleges only facts demonstrating acts within the official's legal authority and discretion, the claim is barred by immunity. *Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envt'l Quality*, 307 S.W.3d 505, 516 (Tex. App.—Austin 2010, no pet.); see also, *Offs. Acting in Their Off. Capacities for City of Austin Dev. Servs. Dep't v. Austin Nightlife, LLC*, No. 03-22-00637-CV, 2023 WL 3010766, at *3–4 (Tex. App. Apr. 20, 2023).

14. Here, plaintiff alleges that the two defendant-judges and the county clerk, enforcing the court order, infringed on his right to solicit defendants using a county data base with personal identifiers for misdemeanor defendants. But here the judges were clearly within the scope of their authority to manage who has access to the court's data base, and they and the clerk, enforcing that order are immune, even if the Mr. Martin believes it is erroneous. *Hall,* 508 S.W. 3d at 242-43.

15. Plaintiff has not presented the court with any *current* caselaw that says it is not within the court's administrative powers to protect the personal identifiers in the court's data base on misdemeanor defendants – in a data base designed to assist defendants and their lawyers. Importantly, Mr. Martin has access to the addresses of these defendants; but not the phone numbers.

16. Plaintiff apparently doesn't like being compared to bail bondsmen. He misses the point. Direct solicitation of an arrestee by a bail agent – or someone arguably like Mr. Martin -- poses the same "dangers of undue influence and overreaching that exist when a lawyer chases an ambulance...." (*Tennessee Secondary School Athletic Assn. v. Brentwood Academy* (2007) 551 U.S. 291, 298.) No "empirical data" is required to credit respondent's

"commonsense conclusion" that hard sell tactics directed at arrestees by bail agents could result in invasions of privacy, intimidation, and other forms of overreaching, and could also encourage conduct by bail agents that interferes with the orderly administration of jails and other detention facilities. (*Id.* at 300.). See also, *People v. Dolezal*, 221 Cal. App. 4th 167, 178–79, 163 Cal. Rptr. 3d 901, 910 (2013).

17. If the court agrees that the defendants had the right to limit access to their own data base, then this court has no jurisdiction. The Eleventh Amendment prohibits a federal court from exercising jurisdiction over lawsuits brought by a private party against a State unless the state waives sovereign immunity or Congress has expressly and validly abrogated that immunity. *See, e.g.*, *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011). A suit brought against a state official acting in his or her official capacity is akin to a suit against the State itself. *See, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Therefore, a plaintiff cannot avoid the Eleventh Amendment's proscription by naming a state officer as a party in lieu of the State. *See, e.g.*, *Okpalobi v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001).

18. The Fifth Circuit just held that <u>county court at law judges,</u> when administratively (as in our case) promulgating bond schedules, were state actors and entitled to Eleventh Amendment immunity protection. "We held that district and county court at law judges are protected by state sovereign immunity in promulgating bail bond schedules, and that plaintiffs lacked standing to sue them on that basis. *ODonnell I*'s contrary conclusions regarding county court at law judges were overruled. *Daves v. Dallas Cnty., Texas*, 64 F.4th 616, 621 (5th Cir. 2023), citing to *Daves v. Dallas Cnty.*, 22 F.4th 522, 540, 544 (5th Cir. 2022) (en banc).

19. It is not a far stretch to say making rules to protect a portion of the criminal court's data base containing personal identifying information of defendants deserves the same Eleventh Amendment protection. It is black letter law that public officials performing discretionary functions all have immunity. *Schiebel v. Tousley*, No. 519CV00063DAERBF, 2019 WL 13235548, at *4 (W.D. Tex. Mar. 8, 2019), citing to *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (discussing the qualified immunity doctrine); *Payton v. Whittington*, 996 F.2d 307, 1993 WL 241834, at *1 (5th Cir. 1993) ("State-court judges are absolutely immune from civil liability for their judicial activities unless they act in the clear absence of all jurisdiction.") (quotations omitted). Judges have absolute immunity for judicial acts performed within their jurisdictions." *Rodock v. Eaves*, 17-CV-825, 2017 WL 6012606, at *3-4 (W.D. La. Sept. 13, 2017), *report and recommendation adopted*, CV 17-0825, 2017 WL 6008239 (W.D. La. Dec. 4, 2017), *appeal dismissed*, 18-30124, 2018 WL 3583082 (5th Cir. Apr. 18, 2018) (citing *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986)).

20. Judicial immunity is immunity from suit, not just the assessment of damages, *id.*, and it bars both federal and state claims brought against judges in their individual capacities. *Thomas v. State*, 294 F. Supp. 3d 576, 601 (N.D. Tex. 2018), *report and recommendation adopted*, 3:17-CV-0348-N-BH, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018), *appeal dismissed*, 18-10448, 2018 WL 4943750 (5th Cir. Sept. 12, 2018); *see also City of Houston v. Swindall*, 960 S.W.2d 413, 417 (Tex. App.—Houston [1st Dist.] 1998, no pet.)

21. Further, Ms. Burgess as the District Clerk, is entitled to quasi-judicial immunity because Plaintiff has not and cannot demonstrate that either she took actions that were not under court order, or according to court rules, or at a judge's discretion. "Quasi-judicial immunity protects government officials who perform functions that require them to act in accordance with a judge's direct orders." *Santoro v. County of Collin*, No. 4:18-CV-00660-ALM-CAN, 2019 WL 5692190, at *7 (E.D. Tex. Aug. 16, 2019), *report and recommendation adopted*, No. 4:18-CV-660, 2019 WL 4686361 (E.D. Tex. Sept. 26, 2019).

## CONCLUSION

This is not an *ultra vires* act: protecting *some* of the personal identifying information of misdemeanor defendants.

Marilyn Burgess and all the county court at law judges urge this court to dismiss this case for lack of standing under Article III. Further, the all the defendants have either Eleventh Amendment immunity, judicial immunity, quasi-judicial immunity and/or qualified and official immunity. Further precedent shows plaintiff has not right to any injunctive relief. And the *Ex Parte Young* and the *Younger* abstention doctrine compel this court to dismiss the case because it lacks any standing to rule.

This case should never have been filed.

Date: December 14, 2023.

                              Respectfully submitted,

                              **CHRISTIAN D. MENEFEE**
                              HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By:    */s/ Suzanne Bradley*
      **SUZANNE BRADLEY**
      Senior Assistant County Attorney
      ATTORNEY-IN-CHARGE
      State Bar No. 00793375
      Fed. Bar No. 24567
      Suzanne.Bradley@harriscountytx.gov
      **RACHEL FRASER**
      Senior Assistant County Attorney
      ATTORNEY TO BE NOTICED
      State Bar No. 24079725
      Fed. Bar No. 2553428
      rachel.fraser@harriscountytx.gov

      **OFFICE OF THE HARRIS COUNTY ATTORNEY**
      1019 Congress
      Houston, Texas 77002
      Tel: (713) 274-5330 (direct)

      **ATTORNEYS FOR DEFENDANTS**
      **BURGESS, BALDWIN, and DRAPER**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument was served electronically to all parties on the Court's service list via the clerk's CM/ECF system.

                                        */S/ Suzanne Bradley*
                                        SUZANNE BRADLEY